IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. :

KAYLA CLOWERS,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.
_________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff hereby sues Defendant and alleges as follows:

**JURISDICTIONAL AND PRELIMINARY ALLEGATIONS**

1. Plaintiff, KAYLA CLOWERS, is a citizen of the state of South Carolina.

2. Defendant, CARNIVAL CORPORATION, is a corporation incorporated under the laws of Panama, having its principal place of business in Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 and/or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard its vessel.

5. Defendant is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Victory*.

8. On or about March 7, 2017, the Plaintiff was a paying passenger on Defendant's vessel which was in navigable waters.

9. On or about March 7, 2017, the Plaintiff was sexually assaulted by a crewmember aboard Defendant's vessel.

10. At all times material, Plaintiff's assailant was an employee/crewmember of Defendant.

11. Subsequent to the assault, the Plaintiff identified her assailant from a photograph she was shown aboard the vessel by the Defendant. Despite requests, to date Defendant has refused to provide Plaintiff with the identity of the assailant.

12. Instances of rapes and/or sexual assaults occur aboard Defendant's vessels at an alarming rate. Yet Defendant fails to take adequate steps or provide adequate security and/or training and/or supervision to prevent such rapes and/or sexual assaults, and fails to warn its passengers of the growing epidemic of rape and sexual assault at sea. Defendant's motive for failing to warn its

passengers is financial in nature; that is, Defendant willfully chooses not to warn its passengers about rapes and sexual assaults aboard its ships so as not to scare any prospective passengers away. Such willful and outrageous conduct on the part of the Defendant exposes Defendant to punitive damages. *See Lobegeiger v. Celebrity Cruises, Inc.*, No. 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXI S 93933 (S.D. Fla Aug. 23, 2011).

**COUNT I – VICARIOUS LIABILITY FOR RAPE / SEXUAL ASSAULT**

Plaintiff realleges, incorporates by reference, and adopts her allegations set forth in paragraphs one through twelve (12) as though alleged originally herein.

13. On or about March 7, 2017, the Plaintiff was sexually assaulted aboard the *Carnival Victory* by Defendant's crewmember.

14. At all times material hereto, the individual who sexually assaulted the Plaintiff was hired, retained and/or employed by Defendant.

15. At all times material hereto, the individual who assaulted the Plaintiff was a member of the crew of Defendant's cruise ship, the *Carnival Victory*.

16. At all times material hereto, Defendant was and is vicariously liable for the tortious actions of its crewmembers/employees, including the individual who assaulted the Plaintiff.

17. As a direct and proximate result of the tortious actions of the individual who sexually assaulted the Plaintiff, for which Defendant is vicariously liable as set forth above, the Plaintiff was injured about her body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries including psychiatric care, suffered physical handicap, lost wages,

income lost in the past, and her working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant, including punitive damages, and demands jury trial of all issues so triable.

**COUNT II – NEGLIGENCE**

Plaintiff realleges, incorporates by reference, and adopts her allegations set forth in paragraphs one through twelve (12) as though alleged originally herein.

18. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances while she was a passenger aboard Defendant's ship.

19. On or about March 7, 2017, the Plaintiff was injured due to the fault and negligence of Defendant, and/or its agents, servants and/or employees as follows:

a. Failing to provide reasonably safe conditions for Plaintiff aboard Defendant's vessel. said safe conditions include, but are not limited to, the prevention of permitting an atmosphere to exist wherein persons (including crewmembers) could rape and/or sexually assault passengers; and/or

b. Negligently hiring the individual who assaulted the Plaintiff; and/or

c. Negligently retaining the individual who assaulted the Plaintiff; and/or

d. Failing to adequately monitor passengers; and/or

e. Failing to adequately monitor crewmembers targeting passengers; and/or

f. Failing to adequately monitor the alcohol consumption of crewmembers; and/or

g. Failing to provide adequate security aboard the vessel; and/or

h. Failing to warn passengers of the dangers of sexual assaults and/or rapes aboard Defendant's ships; and/or

i. Failing to warn passengers of the prevalence of sexual assaults and/or rapes aboard Defendant's ships; and/or

j. Failing to protect passengers from sexual assaults, physical batteries and/or rapes aboard Defendant's ships; and/or

k. Failing to protect passengers from getting targeted by crewmembers aboard Defendants ships; and/or

l. Failing to provide adequate training for their crewmembers; and/or

m. Failing to provide adequate supervision over crewmembers; and/or

n. Failing to run adequate background checks on crewmembers; and/or

o. Failing to promulgate and/or enforce adequate policies and/or procedures to prevent sexual assaults aboard Defendant's ships; and/or

p. Failing to promulgate and/or enforce adequate policies and procedures designed to prevent sexual assaults by crewmembers on passengers.

20. As a direct and proximate result of the negligence of Defendant, the Plaintiff was directly and proximately caused to be sexually assaulted and/or suffer emotional distress following the assault.

21. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

22. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about her body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries including psychiatric care, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant, including punitive damages, and demands jury trial of all issues so triable.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Jason R. Margulies*
**JASON R. MARGULIES**
Florida Bar No. 57916
**JACQUELINE GARCELL**
Florida Bar No. 104358